1  John C. Gorman, #91515
   Charles J. Stiegler, #245973
2  GORMAN & MILLER, P.C.
   210 North Fourth Street, Suite 200
3  San Jose, CA  95112
   (408) 297-2222 (phone)
4  (408) 297-2224 (fax)

5  Attorneys for Plaintiff
   AUREFLAM CORPORATION

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11

12  AUREFLAM CORPORATION, a        Case No. C 08 01910 BZ
    California corporation;
13                                 PLAINTIFF'S UNILATERAL CASE
               Plaintiff,          MANAGEMENT STATEMENT;
14                                 [PROPOSED] CASE MANAGEMENT ORDER
        v.
15
    TUYEN HUY NGUYEN,
16  individually and doing
    business as PHO HOA HUNG and
17  PHO HOA HUNG II; TU TIEN
    NGUYEN, individually and
18  doing business as PHO HOA
    HUNG and PHO HOA HUNG II;
19  LONG CUU VU, individually and
    doing business as PHO HOA
20  HUNG II and DOES 1 through
    10, inclusive;
21
               Defendants.
22

23

24      Plaintiff Aureflam Corporation ("Aureflam") submits this Case

25  Management Statement and Proposed Order and requests that the Court

26  adopt it as its Case Management Order in this case.

27      The parties were unable to file a joint statement because the

28  defendants have been served but have yet to file an answer or

                                  1

1  otherwise make an appearance in this case.

2  **1.   Jurisdiction and Service**

3  This court has subject matter jurisdiction pursuant to 28

4  U.S.C. § 1331, as plaintiff's claims arise under the Lanham Act,

5  including 15 U.S.C. §§ 1114 and 1125.  Subject matter jurisdiction

6  over plaintiff's state law claim is proper pursuant to 28 U.S.C. §

7  1367.  Aureflam believes that personal jurisdiction and venue are

8  proper within this district.

9  All named parties have been served.  Tu Tien Nguyen, Tuyen Guy

10  Nguyen, and Long Cuu Vu were served by substituted service on April

11  19, 2008.

12  **2.   Facts**

13  Aureflam Corporation is a California corporation that owns,

14  operates, and in certin cases franchises Vietnamese-style

15  restaurants under the trade name "Pho Hoa."

16  Aureflam's "Pho Hoa" service mark has been used in interstate

17  commerce in connection with the operation of Vietnamese-style

18  restaurants since 1983.  The "Pho Hoa" mark has been registered with

19  the USPTO since 1996 as Registration No. 2,017,091 and is now

20  incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).  The "Pho

21  Hoa" mark is well known throughout both the United States and

22  internationally.

23  The defendants own and/or operate Vietnamese-style restaurants

24  in Oakland and Hayward under the names "Pho Hoa Hung I" and "Pho Hoa

25  Hung II."  Aureflam contends that the use of these similar names for

26  sale of competing goods and services constitutes an infringement of

27  its federally registered "Pho Hoa" service mark.

28  Prior to filing this lawsuit, Aureflam sent cease and desist

1  letters to the defendants but received no response.

2      After the lawsuit was filed and the defendants had been served,

3  plaintiff Aureflam's counsel received a call from Thinh T. Nguyen,

4  who claimed to speak on behalf of the "Pho Hoa Hung" restaurants and

5  promised to take steps to change the name of the "Pho Hoa Hung"

6  restaurants.  However, no final settlement has yet been reached.

7      **3.   Legal Issues**

8      Aureflam's complaint brings claims under the Lanham Act, 15

9  U.S.C. §§ 1114 and 1125, and for unfair competition under Cal. Bus.

10  & Prof. Code §§ 17200 and 17500.

11     Because defendants have not filed responsive pleadings, it is

12  unclear which legal issues, if any, they dispute.

13     **4.   Motions**

14     There are no pending motions.

15     If the case is not settled, plaintiff anticipates possibly

16  filing a motion for a preliminary injunction enjoining the

17  defendants from using the "Pho Hoa Hung" name or any other trade

18  name including the words "Pho Hoa."

19     **5.   Amendment of Pleadings**

20     Aureflam currently has no plans to amend its complaint but

21  reserves the right to do so.  Defendants have yet to file any

22  pleadings.

23     **6.   Evidence Preservation**

24     Aureflam has not discarded, destroyed, or erased any evidence

25  in this case.

26     Defendants' steps to preserve evidence are unknown.

27     **7.   Disclosures**

28     No initial disclosures have been made pursuant to Fed. R. Civ.

P. 26, as the defendants have not yet entered their appearance.

**8.  Discovery**

No discovery has been undertaken to date.  Plaintiff anticipates that discovery will include interrogatories, requests for admission, depositions, and requests for production of documents.  The parties have not yet held a conference to plan for discovery.

Plaintiff does not request modification to or change of the standard discovery limitations set forth in Fed. R. Civ. P. 26.

**9.  Class Actions**

This is not a class action suit.

**10.  Related Cases**

There are no related cases currently pending.

**11.  Relief**

Plaintiff seeks issuance of preliminary and permanent injunctions, recovery of actual damages and/or disgorgement of the defendants' profits, treble damages under the Lanham Act, and recovery of costs and attorneys' fees.  Since no discovery has been propounded, Aureflam is presently unable to determine the quantum of damages.

**12.  Settlement and ADR**

The parties have engaged in preliminary settlement discussions. The parties have not discussed ADR.

**13.  Consent to Magistrate Judge**

Plaintiff consents to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.  The defendants' position on this issue is unknown.

**14.  Other References**

Pltff's Unilateral Case Management Statement, Case No. C 08 01910 BZ

Aureflam does not presently believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties have not discussed stipulations or any other method for narrowing the issues in this case.

**16.  Expedited Schedule**

Plaintiff believes that this case may be appropriate to be handled on an expedited basis.

**17.  Scheduling**

Aureflam proposes that the setting of a schedule be deferred for approximately 120 days until it can be determined if the case can be settled or, alternatively, resolved by default judgment.  If the defendants do appear, the court should then address

**18.  Trial**

Aureflam has requested a jury trial.  Trial is expected to take 2-3 days.

**19.  Disclosures of Non-Party Interested Entities or Persons**

Plaintiff has filed a "Certification of Interested Parties" as required by Local Rule 3-16.  The contents of this certification are as follows:

    Aureflam Corporation (Plaintiff)

    Tuyen Huy Nguyen (Defendant)

    Tu Tien Nguyen (Defendant)

    Long Cuu Vu (Defendant)

**20.  Other Matters**

Aureflam is not currently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this

Pltff's Unilateral Case Management Statement, Case No. C 08 01910 BZ

1  matter.

2

3

4                                    GORMAN & MILLER, P.C.

5                             By: /s/_____
                                   JOHN C. GORMAN
6                                  Attorneys for Plaintiff
                                   Aureflam Corporation
7

8

9

10

11

12              <u>CASE MANAGEMENT ORDER</u>

13      The Case Management Conference is hereby continued to

    _____, 2008.
14

15      A new Conference Management Conference Statement shall be

16  filed by _____, 2008.

17

18

19  Dated: _____

20

21          _____

22          HON. BERNARD ZIMMERMAN
            UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28