John C. Gorman, #91515
Charles J. Stiegler, #245973
GORMAN & MILLER, P.C.
210 North Fourth Street, Suite 200
San Jose, CA  95112
(408) 297-2222 (phone)
(408) 297-2224 (fax)

Attorneys for Plaintiff
AUREFLAM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUREFLAM CORPORATION, a California corporation;<br><br>       Plaintiff,<br><br>  v.<br><br>TUYEN HUY NGUYEN, individually and doing business as PHO HOA HUNG and PHO HOA HUNG II; TU TIEN NGUYEN, individually and doing business as PHO HOA HUNG and PHO HOA HUNG II; LONG CUU VU, individually and doing business as PHO HOA HUNG II and DOES 1 through 10, inclusive;<br><br>       Defendants. | Case No. C 08 01910 BZ<br><br>PLAINTIFF'S UNILATERAL CASE MANAGEMENT STATEMENT; [PROPOSED] CASE MANAGEMENT ORDER |

Plaintiff Aureflam Corporation ("Aureflam") submits this Case Management Statement and Proposed Order and requests that the Court adopt it as its Case Management Order in this case.

The parties were unable to file a joint statement because the defendants have been served but have yet to file an answer or

otherwise make an appearance in this case.

**1.  Jurisdiction and Service**

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as plaintiff's claims arise under the Lanham Act, including 15 U.S.C. §§ 1114 and 1125.  Subject matter jurisdiction over plaintiff's state law claim is proper pursuant to 28 U.S.C. § 1367.  Aureflam believes that personal jurisdiction and venue are proper within this district.

All named parties have been served.  Tu Tien Nguyen, Tuyen Guy Nguyen, and Long Cuu Vu were served by substituted service on April 19, 2008.

**2.  Facts**

Aureflam Corporation is a California corporation that owns, operates, and in certin cases franchises Vietnamese-style restaurants under the trade name "Pho Hoa."

Aureflam's "Pho Hoa" service mark has been used in interstate commerce in connection with the operation of Vietnamese-style restaurants since 1983.  The "Pho Hoa" mark has been registered with the USPTO since 1996 as Registration No. 2,017,091 and is now incontestable pursuant to 15 U.S.C. §§ 1065 and 1115(b).  The "Pho Hoa" mark is well known throughout both the United States and internationally.

The defendants own and/or operate Vietnamese-style restaurants in Oakland and Hayward under the names "Pho Hoa Hung I" and "Pho Hoa Hung II."  Aureflam contends that the use of these similar names for sale of competing goods and services constitutes an infringement of its federally registered "Pho Hoa" service mark.

Prior to filing this lawsuit, Aureflam sent cease and desist

letters to the defendants but received no response.

After the lawsuit was filed and the defendants had been served, plaintiff Aureflam's counsel received a call from Thinh T. Nguyen, who claimed to speak on behalf of the "Pho Hoa Hung" restaurants and promised to take steps to change the name of the "Pho Hoa Hung" restaurants.  However, no final settlement has yet been reached.

### 3.    Legal Issues

Aureflam's complaint brings claims under the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and for unfair competition under Cal. Bus. & Prof. Code §§ 17200 and 17500.

Because defendants have not filed responsive pleadings, it is unclear which legal issues, if any, they dispute.

### 4.    Motions

There are no pending motions.

If the case is not settled, plaintiff anticipates possibly filing a motion for a preliminary injunction enjoining the defendants from using the "Pho Hoa Hung" name or any other trade name including the words "Pho Hoa."

### 5.    Amendment of Pleadings

Aureflam currently has no plans to amend its complaint but reserves the right to do so.  Defendants have yet to file any pleadings.

### 6.    Evidence Preservation

Aureflam has not discarded, destroyed, or erased any evidence in this case.

Defendants' steps to preserve evidence are unknown.

### 7.    Disclosures

No initial disclosures have been made pursuant to Fed. R. Civ.

P. 26, as the defendants have not yet entered their appearance.

**8.    Discovery**

No discovery has been undertaken to date.  Plaintiff anticipates that discovery will include interrogatories, requests for admission, depositions, and requests for production of documents.  The parties have not yet held a conference to plan for discovery.

Plaintiff does not request modification to or change of the standard discovery limitations set forth in Fed. R. Civ. P. 26.

**9.    Class Actions**

This is not a class action suit.

**10.   Related Cases**

There are no related cases currently pending.

**11.   Relief**

Plaintiff seeks issuance of preliminary and permanent injunctions, recovery of actual damages and/or disgorgement of the defendants' profits, treble damages under the Lanham Act, and recovery of costs and attorneys' fees.  Since no discovery has been propounded, Aureflam is presently unable to determine the quantum of damages.

**12.   Settlement and ADR**

The parties have engaged in preliminary settlement discussions. The parties have not discussed ADR.

**13.   Consent to Magistrate Judge**

Plaintiff consents to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.  The defendants' position on this issue is unknown.

**14.   Other References**

Pltff's Unilateral Case Management Statement, Case No. C 08 01910 BZ

Aureflam does not presently believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The parties have not discussed stipulations or any other method for narrowing the issues in this case.

**16.  Expedited Schedule**

Plaintiff believes that this case may be appropriate to be handled on an expedited basis.

**17.  Scheduling**

Aureflam proposes that the setting of a schedule be deferred for approximately 120 days until it can be determined if the case can be settled or, alternatively, resolved by default judgment.  If the defendants do appear, the court should then address

**18.  Trial**

Aureflam has requested a jury trial.  Trial is expected to take 2-3 days.

**19.  Disclosures of Non-Party Interested Entities or Persons**

Plaintiff has filed a "Certification of Interested Parties" as required by Local Rule 3-16.  The contents of this certification are as follows:

    Aureflam Corporation (Plaintiff)

    Tuyen Huy Nguyen (Defendant)

    Tu Tien Nguyen (Defendant)

    Long Cuu Vu (Defendant)

**20.  Other Matters**

Aureflam is not currently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this

Pltff's Unilateral Case Management Statement, Case No. C 08 01910 BZ

1 | matter.
2
3
4 |                                    GORMAN & MILLER, P.C.
5 |                              By: /s/
6 |                                   JOHN C. GORMAN
   |                                   Attorneys for Plaintiff
   |                                   Aureflam Corporation
7
8
9
10
11
12 |                        CASE MANAGEMENT ORDER
13 |     The Case Management Conference is hereby continued to
   | __October 27____, 2008. at 4:00 p.m.
14
15 |     A new Conference Management Conference Statement shall be
16 | filed by __October 20_____, 2008. Plaintiff shall serve this Order on defendants.
17
18
19 | Dated: _July 11, 2008_____
20
21 |                              _____
22 |                              HON. BERNARD ZIMMERMAN
   |                              UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28

---

Pltff's Unilateral Case Management Statement, Case No. C 08 01910 BZ